**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **HENRY PAUL RICHARDSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 13-1203 (ESH)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff Henry Paul Richardson, proceeding *pro se*, brings this action against the United

States of America under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Before the

Court is defendant's motion for summary judgment (Def.'s Motion for Summary Judgment, July

17, 2014 [ECF No. 21] ("Def.'s SJ Mot.")), which plaintiff has opposed (Pl.'s Opp. to Def.'s SJ

Mot., Oct. 23, 2014 [ECF No. 29]), and plaintiff's motions for a continuance, for discovery and

to amend the complaint.  (Pl.'s Mot. for Continuance Pursuant to Federal Rules of Civil

Procedure Rule 56(F)/And Stay the Proceeding Giving the Plaintiff A[n] Opportunity to Amend

the Complaint in the Interest of Justice, Sept. 29, 2014 [ECF No. 26]; Pl.'s Mot. Requesting for

Discovery Under Fed. Rules of Civil P. Rule 56(f), Sept. 29, 2014 [ECF No. 27]; Pl.'s Mot. to

Amend the Compl. Pursuant to Fed. R. Civ. P. 15, October 6, 2014 [ECF No. 28].)  For the

reasons stated herein, defendant's motion for summary judgment will be granted in part and

denied in part and plaintiffs' motions will be denied.

**BACKGROUND**

In May 2011, plaintiff submitted a FOIA request for records to the Executive Office of

United States Attorneys.  (Compl., Ex. 1 [ECF No. 1].)  His request sought all records from the

United States Attorney's Office in the Eastern District of Virginia bearing the names "Henry

Paul Richardson," "Henry Richardson," and "alias name(s) 'Packer' and 'Packa,'" including,

*inter alia*, "all surveillance pictures."  (*Id.*)

In September 2011, plaintiff was informed that the EOUSA had located responsive

records, but that he would have to pay a fee of $56.00 to have the search completed as the search

would exceed the two free hours of search time allotted to each FOIA request.  (Def.'s Statement

of Undisputed Material Facts in Support of Def.'s SJ Mot. ¶ 3, July 17, 2014 [ECF No. 21-1]

("Def.'s Facts").)  Plaintiff paid the fee in October 2011 (*id.* ¶ 4); thereafter, he sent several

letters inquiring about the status of his request.  (Compl., Exs. 2-3; Def.'s Facts ¶¶ 5-6.)  In

August 2013, having received no records or other substantive response, he filed the above-

captioned case asking the Court to order the EOUSA to respond to his FOIA request.  (*See*

Compl. at 3.)

In March 2014, defendant informed the Court that the EOUSA had completed its search

and located over 2000 pages of potentially responsive documents.[1]  (*See* Def.'s Mot. for

Enlargement of Time In Order to Allow Pl. an Opportunity to Respond to Fee Request Letter at

1, Mar. 14, 2014 [ECF No. 13]; Supp. Decl. of David Luczynski ¶ 2, July 16, 2014 [ECF No. 21-

---

[1] On February 11, 2014, defendant moved for additional time to respond to the complaint in
order to allow it to complete its search for responsive documents.  (Def.'s Mot. for Enlargement
of Time at 2, Feb. 11, 2014 [ECF No. 12].)  The Court granted the motion.  (Minute Order, Feb.
11, 2014.)

4].)  The EOUSA initially released 100 pages to plaintiff, the amount he was entitled to without

paying any fees, and informed him that he would have to agree to copying fees of $.10 per page

for additional pages.  (Def.'s Facts ¶ 8.)  After plaintiff paid the fee,[2] the EOUSA processed the

remaining records.  (Def.'s Facts ¶ 9.)  It determined that there were 1240 responsive pages, out

of which it released 22 pages in full, released 1 page in part, and withheld 1217 pages in full,

relying on various combinations of FOIA Exemptions 3, 5, 6, and 7(C).  (Def.'s Facts ¶ 9;

Luczynski Supp. Decl. ¶ 3.)

Defendant moves for summary judgment on the ground that its response to plaintiff's

request has satisfied its obligations under the FOIA.  Its motion is supported by two declarations

from David Luczynski, an attorney-advisor at the EOUSA, and a *Vaughn* index that describes the

withheld records and identifies the FOIA exemptions the EOUSA is relying on to justify its

withholdings.  Plaintiff has filed an opposition challenging defendant's production as

incomplete, along with motions for a continuance, for discovery and to amend the complaint.

## ANALYSIS

## I.      DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A.      Legal Standard

Summary judgment is appropriate when the pleadings and evidence show that "there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  On "summary judgment the inferences to be drawn

---

[2] Plaintiff initially sought a fee waiver (*see* Pl.'s Mot. for Waiver of Fee, Apr. 8, 2014 [ECF No. 15]), but withdrew the request after a member of his family paid the fee.  (*See* Pl.'s Supplemental Mem. re Mot. for Waiver of Fee, May, 19, 2014 [ECF No. 18].)

from the underlying facts . . . must be viewed in the light most favorable to the party opposing

the motion." *Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Judicial*

*Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013).  Where, as here, a plaintiff

is proceeding *pro se,* the Court has "an obligation to construe pro se filings liberally."

*Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002); *Haines v. Kerner,* 404

U.S. 519, 520–21 (1972).

　　　　"FOIA cases typically and appropriately are decided on motions for summary judgment."

*See, e.g.*, *Higgins v. U.S. Dep't of Justice*, 919 F. Supp. 2d 131, 139 (D.D.C. 2013) (internal

quotations omitted).  To obtain summary judgment, a defendant agency must establish that it has

conducted an adequate search for responsive records, that each responsive record that it has

located either has been produced to the plaintiff or is exempt from disclosure, and that it has not

withheld any reasonably segregable information.  *See Weisberg v. Dep't of Justice*, 627 F.2d 365,

368 (D.C. Cir. 1980); *Elec. Frontier Found. v. U.S. Dep't of Justice*, 739 F.3d 1, 12 (D.C. Cir.

2014).  "[S]ummary judgment may be granted on the basis of agency affidavits if they contain

reasonable specificity of detail rather than merely conclusory statements, and if they are not

called into question by contradictory evidence in the record or by evidence of agency bad faith."

*Halperin v. CIA*, 629 F.2d 144, 148 (D.C. Cir. 1980).

　　　　**B.**　　　　**The Adequacy of EOUSA's Search for Responsive Records**

　　　　Defendant moves for summary judgment with respect to the adequacy of its search for

responsive records.  According to defendant, the "FOIA Contact" in the United States Attorney's

Office for the Eastern District of Virginia "searched for records physically," "sent e-mails to the

appropriate staff to ascertain whether they had any responsive records," and used its "Legal

Information Network System (LIONS)," "the computer system used by United States Attorneys'

offices to track cases and to retrieve files pertaining to cases and investigations," to search for

responsive records. (Decl. of David Luczynski ¶ 12, Mar. 13, 2014 [ECF No. 21-3].) All

responsive records were located in the "Criminal Case File System (Justice/USA-007), which

was "searched for records relating to [plaintiff's] arrest and criminal case." (*Id.* ¶ 13.)

An agency has conducted an adequate search under the FOIA if "it can demonstrate

beyond material doubt that its search was 'reasonably calculated to uncover all relevant

documents.'" *Valencia–Lucena v. U.S. Coast Guard,* 180 F.3d 321, 325 (D.C. Cir. 1999)

(quoting *Truitt v. Dep't of State,* 897 F.2d 540, 542 (D.C. Cir. 1990) (quoting *Weisberg v. Dep't*

*of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983))). To meet this burden, the agency must submit

a "reasonably detailed affidavit, setting forth the search terms and the type of search performed,

and averring that all files likely to contain responsive materials (if such records exist) were

searched." *Oglesby v. U.S. Dep't of the Army,* 920 F.2d 57, 68 (D.C. Cir. 1990). The agency's

affidavits need not "set forth with meticulous documentation the details of an epic search for the

requested records," *Perry v. Block,* 684 F.2d 121, 127 (D.C. Cir. 1982), but if "the record leaves

substantial doubt as to the sufficiency of the search, summary judgment for the agency is not

proper." *Truitt,* 897 F.2d at 542; *see also Plunkett v. Dep't of Justice*, 924 F. Supp. 2d 289, 298

(D.D.C. 2013) (denying summary judgment for defendant because "a factual dispute existed as

to the adequacy of EOUSA's search"). "The adequacy of the search . . . 'is judged by a standard

of reasonableness and depends, not surprisingly, upon the facts of each case.'" *Steinberg v. U.S.*

*Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. Dep't of Justice*, 745

F.2d 1746, 1485 (D.C. Cir. 1984)).

Plaintiff has challenged the adequacy of defendant's search by asserting that it has failed to produce all responsive documents.  Specifically, according to plaintiff, the pages that were released to him include "still photos" of "portions" of the surveillance videotape from February 14, 2006, including pictures of "the Minivan that was involved in the shooting," but "[t]he other portion of the video tape when the murder occurred was not produced and was not identified as withheld pursuant to any FOIA exemption."  (Pl.'s Aff. ¶ 2.)  Generally, an "agency's failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records."  *Wilbur v. C.I.A.*, 355 F.3d 675, 678 (D.C. Cir. 2004); *SafeCard Servs.,* 926 F.2d at 1201; *Steinberg v. U.S. Dep't of Justice*, 23 F.3d at 552; *Weisberg v. U.S. Dept. of Justice,* 745 F.2d at 1485 (relevant question "is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*").  On the other hand, "positive indications of overlooked materials" may create "substantial doubts . . . about the caliber of [the agency's] search."  *Founding Church of Scientology of Washington, D. C., Inc. v. Nat'l Sec. Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979); *see also Friends of Blackwater v. U.S. Dep't of Interior*, 391 F. Supp. 2d 115, 120-21 (D.D.C. 2005) (failure to find particular documents known to have originated in the agency's director's office  "casts 'substantial doubt' on the sufficiency of the search of that office" (quoting *Truitt*, 897 F.2d at 542) and "calls into question whether the search was 'reasonably calculated to uncover all relevant documents'" (quoting *Weisberg*, 705 F.2d at 1351)).

In the present case, viewing the record "in the light most favorable to the requester," *Steinberg v. DOJ*, 23 F.3d at 551, there is uncontroverted evidence that defendant released only a

partial set of pictures from the February 14, 2006 videotape.  (*See* Pl.'s Aff. ¶ 2.)  Defendant

perhaps has an explanation for why it did not locate or release a complete set of pictures, but no

such explanation has been provided to the Court.  It did not file a reply, and neither its

declarations nor the *Vaughn* index even mentions videotape pictures, much less describes how or

where defendant found the pictures that it did release.  Although the adequacy of an agency's

search is not generally judged by its results, the unexplained absence of responsive documents

whose existence the agency does not deny goes beyond mere speculation and calls the

reasonableness of the agency's search into question.  Under these circumstances, the Court

concludes that defendant has failed to establish that the agency conducted an adequate search.

Accordingly, its motion for summary judgment will be denied insofar as there remains a question

as to the adequacy of defendant's search for the still photos associated with the February 14,

2006 videotapes.

        **C.**        **Withholding of Responsive Records Pursuant to FOIA Exemptions**

        Defendant also moves for summary judgment with respect to its assertion of FOIA

exemptions to justify its withholding of responsive records.  If exemptions from disclosure are

claimed, "[t]he agency bears the burden of showing that a claimed exemption applies." *Elec.*

*Frontier Found. v. U.S. Dep't of Justice*, 739 F.3d 1, 7 (D.C. Cir. 2014); *Elec. Privacy Info. Ctr.*

*v. U.S. Dep't of Homeland Sec.*, No. 14-5013, 2015 WL 525183, at *3 (D.C. Cir. Feb. 10, 2015).

Summary judgment is warranted when the agency's affidavits "describe the documents and the

justifications for nondisclosure with reasonably specific detail, demonstrate that the information

withheld logically falls within the claimed exemption, and are not controverted by either contrary

evidence in the record nor by evidence of agency bad faith." *Elec. Frontier Found.*, 739 F.3d at

7 (internal quotations omitted); *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  In addition, if a record is withheld in full, "the agency must provide a 'detailed justification' for its non-segregability," *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002); *Armstrong v. Executive Office of the President,* 97 F.3d 575, 578–579 (D.C. Cir. 1996), unless the withheld record is, by definition, wholly exempt from disclosure. *See Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 371 (D.C. Cir. 2005).  Relying on FOIA Exemptions 3, 5, 6, and 7(C), defendant has withheld 1217 pages of records in full, which it treats as 14 "documents" in its *Vaughn* index.  (*See generally Vaughn* Index.)  As explained *infra*, Exemption 5 justifies defendant's withholding of Documents 1-10, 13 and 14, while Exemption 7(C) justifies its withholding of Documents 11 and 12, obviating the need for the Court to address defendant's reliance on FOIA Exemptions 3 or 6.

### 1.      Exemption 5

Defendant asserts that FOIA Exemption 5 protects Documents 1-10, 13, and 14 (all but 21 pages of the withheld pages) from disclosure.  FOIA Exemption (b)(5) protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  "To qualify [for withholding under Exemption 5], a document must . . . satisfy two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). The three primary privileges incorporated into Exemption (b)(5) are "attorney work-product privilege," "attorney-client privilege," and the "deliberative process privilege." *See NLRB v. Sears, Roebuck & Co.*, 421

U.S. 132, 149-55 (1975).  Defendant relies on both the attorney-work product and deliberative

process components of Exemption 5.

According to defendant, the withheld records are attorney work product because they

were "prepared by or at the request or direction of an attorney, and made in anticipation of, or

during litigation" and consist of "information related to trial preparation, trial strategy,

interpretations, and personal evaluations and opinions pertinent to plaintiff's criminal case."

(Supp. Luczynski Decl ¶ 12.)  The *Vaughn* index provides additional detail, describing these

documents as including an internal memoranda to the Assistant Attorney General, attorney notes,

drafts of possible court filings (e.g., declarations, stipulations, motions and exhibit lists), letters

among counsel, emails between attorneys and staff, an affidavit prepared by an attorney

explaining legal issues, and proposed jury instructions, all pertaining to plaintiff's criminal case.

(*See Vaughn* Index at 1-12.)

Plaintiff does not challenge defendant's withholding of these records, and the Court is

satisfied by defendant's declarations and *Vaughn* index that these records have been properly

withheld as attorney work product.  In addition, there is no segregability analysis to perform

because "[b]y definition, a document that is withheld as attorney work product is properly

withheld in full."  *Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 372 (D.C. Cir. 2005)

("because the emails at issue in this case are attorney work product, the entire contents of these

documents—i.e., facts, law, opinions, and analysis—are exempt from disclosure under FOIA");

*Tax Analysts v. IRS*, 117 F.3d 607, 620 (D.C. Cir. 1997) ("[a]ny part of [a document] prepared in

anticipation of litigation, not just the portions concerning opinions, legal theories, and the like, is

protected by the work[-]product doctrine and falls under Exemption 5").  Accordingly, the Court

will grant summary judgment to defendant on its claim to have properly withheld Documents 1-10, 13 and 14 pursuant to Exemption 5.[3]

### 2.     Exemption 7(C)

For the two remaining documents, Documents 11 and 12, defendant asserts that FOIA Exemption 7(C) protects them from disclosure.[4] FOIA Exemption 7(C) applies to materials compiled for law enforcement purposes, the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). To decide whether this exemption applies, a court must "balance[s] the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992).

The  first document at issue (Document 11) is 20 pages long and described by defendant as "[d]ocuments containing information about the victim" that "contain personal information relating to the victim's family, names, addresses, medical forms, as well as coroner's report describing the injuries sustained by . . . victim." (*Vaughn* Index at 9.) The second document at issue (Document 12) is a single page, described by defendant as a "[d]ocument from the Richmond Police Department titled 'Lineup ID Report'" that "contains names and ID numbers of third party individuals used in the lineup." (*Vaughn* Index at 10.)

---

[3] Having reached this conclusion, the Court will not address defendant's claim that these documents may also be protected, in whole or in part, by the deliberative process privilege component of Exemption 5.

[4] Defendant also asserts that Exemption 7(C) exempts Documents 2,-8, 10-12, and 14 from disclosure, but the Court need only consider its claim as to Documents 11 and 12 as it has already approved defendant's withholding of the other documents pursuant to Exemption 5.

Plaintiff does not challenge defendant's withholding of these records, and the Court is

satisfied by defendant's declarations and *Vaughn* index that these records include information

that has been properly withheld pursuant to Exemption 7(C).  The issue of segregability, though,

poses a problem.  Defendant makes no representation as to whether it considered segregability in

terms of Exemption 7(C),[5] and the descriptions of the documents lack the detail necessary for the

Court to conduct its own segregability analysis.  Accordingly, the Court will deny summary

judgment to defendant on its claim to have properly withheld Documents 11 and 12 in their

entirety pending its submission of a description with sufficient detail to establish either that all of

the information in these documents is exempt from disclosure or that there is no reasonably

segregable non-exempt information or, in the alternative, submission of the documents

themselves for *in camera* review.

## II.     PLAINTIFF'S MOTIONS

Plaintiff's motions all stem from the same issue he raised in opposition to defendant's

motion for summary judgment: that the EOUSA failed to locate and release all of the still photo

images from the February 14, 2006 surveillance camera videotapes in response to his FOIA

request.  He contends that because these images should have been, but were not, disclosed to his

*criminal defense attorney*, the Court should delay ruling on defendant's motion for summary

judgment so that he can conduct discovery in order for defendant to explain why it has released

only partial pictures (*see* Pl.'s Mot. for Continuance at 3; Pl.'s Mot. for Discovery ¶ 1), and

allow him to amend his complaint to seek compensatory damage for defendant's violation of his

---

[5] The *Vaughn* index includes a statement about segregability for these documents, but only in the context of Exemption 5, which defendant does not claim as a basis for withholding them.

constitutional rights." (Pl.'s Mot. to Am. Compl. ¶¶ 2-3.) As addressed above, plaintiff's

contention about the missing still photos, in light of the existing record in this case, raises a

question as to the adequacy of the EOUSA's search. It does not, however, justify the other relief

plaintiff seeks. Plaintiff is reminded that a FOIA action is limited in scope. The FOIA only

authorizes suit against federal agencies for the improper withholding of records and provides the

requester with the potential for injunctive relief only. *See Johnson v. Executive Office for United*

*States Attorneys,* 310 F.3d 771, 777 (D.C. Cir. 2002); *Kissinger v. Reporters Comm. for Freedom*

*of the Press,* 445 U.S. 136, 150 (1980). It does not provide jurisdiction over constitutional

claims arising from the handling of a FOIA request. *Johnson*, 310 F.3d at 777. Nor does it

require agencies to "conduct research by answer[ing] questions disguised as a FOIA request."

*Nat'l Sec. Counselors v. C.I.A.*, 898 F. Supp. 2d 233, 269 (D.D.C. 2012) (internal quotations

omitted); *Zemansky v. U.S. Envtl. Prot. Agency*, 767 F.2d 569, 574 (9th Cir. 1985) or provide

explanatory materials, *see NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 162 (1975), serve as a

"'substitute for criminal discovery,'" *Boehm v. F.B.I.*, 948 F. Supp. 2d 9, 29 (D.D.C. 2013)

(quoting *Williams & Connolly v. Sec. & Exch. Comm'n*, 662 F.3d 1240, 1245 (D.C. Cir. 2011),

or provide a requester particular documents for the purpose of attacking his criminal conviction,

*see Richardson v. U.S. Dep't of Justice*, 730 F. Supp. 2d 225, 234 (D.D.C. 2010) ("FOIA confers

. . no entitlement" to "information that would have been available to [plaintiff] during the

criminal proceedings"). Accordingly, plaintiff's motions are without merit.

## CONCLUSION

As explained above, defendant has established demonstrated that it properly claimed

exemptions from release pursuant to FOIA Exemptions 5 and 7(C), but it has not established the

adequacy of its search or that all reasonably segregable information has been released with respect to its withholding of Documents 11 and 12 pursuant to FOIA Exemption 7(C). Accordingly, defendant's motion for summary judgment will be granted in part and denied in part without prejudice to its renewal.   Plaintiff's motions will be denied.  A separate Order accompanies this Memorandum Opinion.


/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge


Date:   February 19, 2015