# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ──────────────────────── ) | | |
| HENRY PAUL RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 13-1203 (ESH)** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| ──────────────────────── ) | | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Henry Paul Richardson, proceeding *pro se*, filed this action against the United States of America under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to challenge the Executive Office of United States Attorneys' ("EOUSA") response to his FOIA request. On February 19, 2015, the Court granted defendant's motion for summary judgment except as to two issues. *See Richardson v. United States*, No. 13-cv-1203, 2015 WL 709118, at *6 (D.D.C. Feb. 19, 2015) ("*Richardson I*") [ECF Nos. 30]. Before the Court is defendant's renewed motion for summary judgment on the remaining issues. (Def.'s Renewed Mot. for Summary Judgment, March 6, 2015 [ECF No. 32] ("Renewed SJ Mot.").) For the reasons stated herein, defendant's motion will be granted.

## BACKGROUND

The factual and procedural history of this case prior to February 19, 2015, is set forth in the Court's prior opinion, *see Richardson I*, at *1, and will not be repeated here. Based on the record at that time, the Court concluded that defendant was entitled to summary judgment on all but two issues: (1) whether the EOUSA had conducted an adequate search for still photos

associated with a February 14, 2006 surveillance videotape; and (2) whether there was any reasonably segregable non-exempt information in two of the documents (documents 11 and 12) that EOUSA had withheld in their entirety. *See id.* at *6. The Court directed defendant to file a renewed motion for summary judgment addressing these issues. (*See* Order, Feb. 19, 2015 [ECF Nos. 31].)

After receiving the Court's Order, the EOUSA discovered that it had in its possession an additional "80 pages of records containing photographs," which it released to plaintiff in their entirety on February 27, 2015.[1]  (2d Luczynski Decl. ¶ 2.)

On March 6, 2015, defendant filed its renewed motion for summary judgment, supported by a new declaration from David Luczynski and an updated Vaughn index.   (*See* Renewed SJ Mot. Ex. 4 (2nd Decl. of David Luczynski, Feb. 27, 2015 [ECF No. 32-6]) ("2d Luczynski Decl."); *id.* Ex. 3 (Vaughn Index (Updated) [ECF No. 32-5]).)  Plaintiff filed a response, opposing summary judgment on the issue of the adequacy of the EOUSA's search on the ground that he had still not received a complete set of still photo images from the February 14, 2006 surveillance videotape nor a copy of the video itself.  (Pl.'s Opp'n to Def.'s Renewed SJ Mot. at 2, June 5, 2015 [ECF No. 41].)

After receiving plaintiff's response, the EOUSA asked the United States Attorney's Office for the Eastern District of Virginia to "search Plaintiff's file again, focusing on anything related to a surveillance video."  (*See* Reply Ex. 1, ¶ 2 (Supplemental Declaration Addressing Plaintiff's Memorandum Concerning Surveil[l]ance Video, Jun 29, 2015 [ECF No. 43-1]

---

[1] The declaration speculates that these records were part of the initial batch of records received from the United States' Office for the Eastern District of Virginia, out of which EOUSA made the first release of 100 pages, but that they were erroneously omitted from processing after plaintiff paid the necessary fee.  (2d Luczynski Decl. ¶ 2.)

("Luczynski Video Decl.")).)  As a result of that search, three DVDs and one Mini DVD were located.[2]  (Luczynski Video Decl. ¶ 2.)  However, the EOUSA concluded that these DVDs were not responsive because they did not include surveillance footage from February 14, 2006. (Luczynski Video Decl. ¶¶ 3-4.)

When defendant filed its reply, it included another declaration from Luczynski, describing the EOUSA's supplemental search for surveillance video and stating that none of the still photos that the EOUSA had previously released to plaintiff came from the February 14, 2006 surveillance video, but rather that they were "surveillance photos taken by various law enforcement personnel, situated in different locations, and the date when they were taken is unknown."  (*Id.* ¶ 1.)

## ANALYSIS

## I.    LEGAL STANDARD

Summary judgment is appropriate when the pleadings and evidence show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  On "summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013).  Where, as here, a plaintiff is proceeding *pro se*, the Court has "an obligation to construe pro se filings liberally."

---

[2] Apparently, these DVDs were not identified as responsive during the EOUSA's first search of plaintiff's file because he had requested "surveillance pictures," but "he did not request videos."  (Luczynski Video Decl. ¶ 2.)

*Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002); *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *See, e.g.*, *Higgins v. U.S. Dep't of Justice*, 919 F. Supp. 2d 131, 139 (D.D.C. 2013) (internal quotations omitted).  To obtain summary judgment, a defendant agency must establish that it has conducted an adequate search for responsive records, that each responsive record that it has located either has been produced to the plaintiff or is exempt from disclosure, and that it has not withheld any reasonably segregable information.  *See Weisberg v. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980); *Elec. Frontier Found. v. U.S. Dep't of Justice*, 739 F.3d 1, 12 (D.C. Cir. 2014).  "[S]ummary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Halperin v. CIA*, 629 F.2d 144, 148 (D.C. Cir. 1980).

## II.    ADEQUACY OF THE EOUSA'S SEARCH FOR SURVEILLANCE PHOTOS AND VIDEOS

Relying on its supplemental production of documents, its supplemental search of plaintiff's file, and two additional declarations, defendant asserts that the EOUSA has conducted an adequate search for any surveillance photos or videotapes from February 14, 2006.

An agency has conducted an adequate search under the FOIA if "it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'"  *Valencia–Lucena v. U.S. Coast Guard,* 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State,* 897 F.2d 540, 542 (D.C. Cir. 1990) (quoting *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983))).  To meet this burden, the agency must submit a "reasonably detailed affidavit, setting forth the search terms and the type of search performed,

and averring that all files likely to contain responsive materials (if such records exist) were searched." *Oglesby v. U.S. Dep't of the Army,* 920 F.2d 57, 68 (D.C. Cir. 1990).  The agency's affidavits need not "set forth with meticulous documentation the details of an epic search for the requested records," *Perry v. Block,* 684 F.2d 121, 127 (D.C. Cir. 1982), but if "the record leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt,* 897 F.2d at 542; *see also Plunkett v. Dep't of Justice*, 924 F. Supp. 2d 289, 298 (D.D.C. 2013) (denying summary judgment for defendant because "a factual dispute existed as to the adequacy of EOUSA's search").  "The adequacy of the search . . . 'is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case.'" *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. Dep't of Justice*, 745 F.2d 1746, 1485 (D.C. Cir. 1984)).

Plaintiff challenges the adequacy of the EOUSA's search on the ground that it failed to locate a complete set of still photos from the February 14, 2006 surveillance videotape or the videotape itself, both of which plaintiff maintains must exist.  This time around, the Court is satisfied that the EOUSA has conducted an adequate search for these records.  When the Court denied summary judgment on this issue, there was "uncontroverted evidence" in the record that the EOUSA had released an incomplete set of still photos taken from the February 14, 2006 surveillance videotape.  *Richardson*, 2015 WL 709118, at *3 (citing Pl.'s Aff. ¶ 2).  The Court observed that

> [d]efendant perhaps has an explanation for why it did not locate or release a
> complete set of pictures, but no such explanation has been provided to the Court.
> It did not file a reply, and neither its declarations nor the Vaughn index even
> mentions videotape pictures, much less describes how or where defendant found
> the pictures that it did release.

Under those circumstances, the Court concluded that "there remain[ed] a question as to the adequacy of defendant's search for the still photos associated with the February 14, 2006 videotapes."  *Id.*  Now, however, defendant has provided the explanation that was previously lacking, explaining that the still photos that the EOUSA found and released were not from the surveillance video.  (*See* Luczynski Video Decl. ¶ 1.)  Thus, there is no obvious "gap" in the records that were located and produced.  In addition, while maintaining that plaintiff's FOIA request did not technically ask for "surveillance videos" when he requested "surveillance pictures" (*see* Renewed SJ Mem. at 8), the EOUSA has conducted a second search of plaintiff's file for "anything related to a surveillance video."  (Luczynski Video Decl. ¶ 2.)  That search located 4 DVDs, which defendant has established do not contain the February 14, 2006 surveillance videotape sought by plaintiff.  (*Id.* ¶¶ 3-4.)  Based on these developments, the Court is satisfied that the EOUSA conducted an adequate search for the February 14, 2006 surveillance videotape and any related still photos.[3]

## III.   SEGREGABILITY OF INFORMATION IN DOCUMENTS 11 AND 12

To address the issue of segregability with respect to documents 11 and 12, defendant has submitted a revised Vaughn index with more detailed descriptions of these documents.  (*See* Luczynski Decl. ¶ 3; Vaughn Index (Updated) at 9-10.)  In the original Vaughn index, the 20 pages that comprise document 11 were described as "[d]ocuments containing information about

---

[3] Plaintiff also suggests that the EOUSA should have provided him with "detailed descriptions" of what is depicted in the photos that were produced or that it was obligated to try and locate the video even if it was possessed by another government agency, but neither is required under the FOIA.  *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980) ("The [FOIA] does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained"); *see DeBrew v. Atwood*, No. 12-5361, 2015 WL 3949421, at *3 (D.C. Cir. June 30, 2015) ("agency is not obligated, nor is it able, to disclose a record it does not have").

the victim" that "contain personal information relating to the victim's family, names, addresses,

medical forms, as well as coroner's report describing the injuries sustained by . . . victim."

(Vaughn Index at 9.)  In the updated Vaughn index, though, document 11 is described as:

> Documents containing information about the victim. In particular, "Victim
> History Form(s)" listing relatives and their addresses, detailed physical
> description of the victim, last known whereabouts, identifying marks, and places
> of employment. In addition, the document contains "Homicide Victim Lifestly
> Information Sheet" which includes educational and criminal background, along
> with a "rap sheet" covering victim's past in detail. Not only do the records contain
> information strictly relating to the victim's family, names, addresses, medical
> forms, as well as coroner's report describing the injuries sustained by plaintiff's
> victim, but they also do not contain any information, nor mention of name of the
> plaintiff.

(Vaughn Index (Updated) at 9-10.)  Similarly, document 12 was previously described as a

"[d]ocument from the Richmond Police Department titled 'Lineup ID Report'" that "contains

names and ID numbers of third party individuals used in the lineup" (Vaughn Index at 10), but

the updated Vaughn index includes the following additional information:

> The document is dated 2/16/2006, contains Richmond Police Department's
> "Related Case Number" identifying the particular case, as well as suspect
> (plaintiff's) ID number. Out of the various third party names listed on the form, as
> part of the lineup plaintiff's name and ID number is also provided. If the
> document was segregated applying FOIA exemption 7C, the only thing legible on
> the page that is not third party information would be plaintiff's name and ID
> number. For those reasons the document is withheld in full.

(Vaugh Index (Updated) at 10.)  In addition to these more detailed descriptions of documents 11

and 12, the record establishes that these documents have been reviewed for segregability.  (*See*

Vaughn Index (Updated) at 9-10 ("No page was determined segregable after review for

segregability.  Disclosure of any portion of the document would disclose third party information,

thus the document is not segregable."); 2d Luczynski Decl. ¶¶ 4-5 (stating that the EOUSA has

"conducted a page-by-page review of the material responsive to Plaintiff's FOIA request to

determine what material could be disclosed and what material was exempt from disclosure" and

"released all reasonably segregable information wherever possible unless the information was inextricably intertwined with information properly withheld").)

Plaintiff does not challenge defendant's contention that documents 11 and 12 were properly withheld in their entirety, and the revised descriptions of documents 11 and 12 no longer "lack the detail necessary for the Court to conduct its own segregability analysis." *Richardson I* at *5.  Having reviewed these descriptions and the supplemental declaration, the Court is satisfied that there is no reasonably segregable non-exempt information in these documents that the EOUSA should have released.  Accordingly, defendant is entitled to summary judgment on the issue of segregability for documents 11 and 12.

## CONCLUSION

As defendant has established the adequacy of its search and that it properly withheld documents 11 and 12 in their entirety, it is entitled to summary judgment on these two remaining issues.  A separate Order granting its renewed motion for summary judgment accompanies the Memorandum Opinion.

/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   August 4, 2015